United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**June 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41234
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL PENA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:03-CR-62-ALL

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gabriel Pena was indicted for possession with intent to distribute 1.6 kilograms of cocaine. The indictment arose out of a traffic stop occurring on April 30, 2003. Pena filed a motion to suppress all evidence obtained pursuant to the stop based on several arguments including that his consent to the search of vehicle was not voluntary. Following a hearing, the district court denied the motion to suppress. Pena entered a conditional guilty plea to the indictment for possession with intent to distribute

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine, reserving his right to appeal the district court's denial of motion to suppress.

Pena argues that the district court erred in denying his motion to suppress because his consent to search the vehicle was not voluntary. When a district court makes a finding of consent based on oral testimony presented at a suppression hearing, "the clearly erroneous standard is particularly strong since the judge had the opportunity to observe the demeanor of the witnesses." United States v. Mendoza-Gonzalez, 318 F.3d 663, 666 (5th Cir. 2003) (internal quotation and citations omitted). To determine whether consent was voluntary, the court considers the following factors: (1) the voluntariness of the custodial status; (2) the presence of coercive police procedures; (3) the extent and level of cooperation with the police; (4) the awareness of the right to refuse consent; (5) the education and intelligence of the defendant; and (6) the belief that no incriminating evidence will be found. United States v. Solis, 299 F.3d 420, 435-36 (5th Cir. 2002). The record shows that Pena was not taken into custody at any point, he was not coerced, and he cooperated freely with all aspects of the traffic stop. Pena has not shown that the district court clearly erred in finding that his consent to the search of the vehicle was voluntary.

**AFFIRMED.**